# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733

www.andersonkill.com

David Graff, Esq.
Dgraff@andersonkill.com
212-278-1333

April 2, 2015

**Via ECF**
Honorable Judge Greg H. Woods
United State District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Fidelity Brokerage Services LLC and National Financial Services LLC v. The Financial Industry Regulatory Authority, Peter Deutsch and William Deutsch*
            Civ. Case No. 15-CV-2210

Dear Judge Woods:

    This letter is respectfully submitted regarding the privilege log we received Tuesday pursuant to Your Honor's March 31, 2015 directive.

    We have several observations about that log:

        1) The log suggests that significantly more information was withheld than represented by Fidelity. Rather than 20 emails there are 20 categories of emails (including singular emails but also "email chains"; multiple "attachments"; and reports.)

        2)  The persons identified do not appear to have any particular significance to any established SARs protocol. Rather, three frequently listed names Chris Janes, David Richardson, David Whitlock were witnesses called by Respondents (adverse direct) and others are on the parties witness list William French and Michael Collins.

    These newly revealed facts bolster our position. First, we should be provided the details of Fidelity's SARS protocol (*i.e.,* to compare that protocol to the communication that Fidelity seeks to protect here). It is hard to believe that the same persons that doing a Risk and/or Compliance analysis (all witnesses on our case) were part of an established SARs process. Indeed, we note that no SARS Report appears to have identified. Second, even if Fidelity's privilege assertion is consistent with their established protocol, our "subject matter argument" is certainly strengthened. Material

**Anderson Kill P.C.**

April 2, 2015
Page 2

in these emails, attachments and/or reports promise to be highly probative (either of Fidelity's misconduct or to impeach Fidelity's position). Such probative evidence of wrongdoing is not shielded by the SARS privilege; *i.e.*, that is designed to protect only the reporting process relating to a third parties conduct.

Respectfully submitted,

David Graff

Cc:   Mark Knoll, Esq.      (via email: MKnoll@bressler.com)
      Brian Amery, Esq.     (via email: BAmery@bressler.com)