JUDGE WOODS

15 CV 2210

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC and NATIONAL FINANCIAL SERVICES LLC, | Civil Action No.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT UNDER THE BANK SECRECY ACT, 31 U.S.C. § 5318(g) |
| Plaintiffs, | |
| v. | |
| THE FINANCIAL INDUSTRY REGULATORY AUTHORITY ("FINRA"), PETER E. DEUTSCH and WILLIAM J. DEUTSCH, | |
| Defendants. | |



Plaintiffs Fidelity Brokerage Services LLC ("Fidelity") and National Financial Services LLC ("NFS"), by and through their attorneys, Bressler, Amery & Ross, P.C., in support of their Complaint for Declaratory Judgment state as follows:

### BACKGROUND

1. Plaintiffs are Respondents in an arbitration before the Financial Industry Regulatory Authority ("FINRA") captioned *Peter E. Deutsch and William J. Deutsch v. Fidelity Brokerage Services LLC and National Financial Services LLC*, FINRA Dispute Resolution Case No. 12-02759 (the "Arbitration"). The Arbitration is pending in New York City.

2. During the course of the hearing, Plaintiffs objected (the "Testimonial Objections") to a line of questioning by counsel for Claimants in the Arbitration, Peter and William Deutsch ("Claimants") that called for the disclosure of highly sensitive, confidential nonpublic information (*i.e.*, information that may disclose or tend to disclose whether or not a

2480429_1

Suspicious Activity Report, or SAR, had been filed by Fidelity) that is subject to strict confidentiality obligations and that cannot be released under the Bank Secrecy Act, 31 U.S.C. § 5318(g)(2)(A)(i), and the applicable federal regulation, 31 C.F.R. §1023.320.

3. In response to the assertion of the above-cited provision of the Bank Secrecy Act, Claimants' argued that the Testimonial Objections were "overbroad and legally untenable" and moved for an order compelling the production of "improperly withheld relevant and important information."

4. On February 23, 2015, the Arbitration Panel provided the parties with an Order, dated February 16, 2015, that, in full, reads as follows:

> BACKGROUND: During a hearing session held earlier in this case, Respondents invoked a U.S. Treasury Regulation involving suspicious activity (SAR) in refusing to allow a line of questioning during adverse direct testimony by a Fidelity witness. Subsequently, Claimant's filed a Motion to Compel the disclosure of the alleged important withheld information on the grounds that Respondent's action was *overly broad* and *legally untenable.*
>
> ORDER: Upon deliberation, the Panel has unanimously decided to **grant** the Motion to Compel, thus giving Claimants access to <u>non-SAR</u> related material thought to be withheld and leave to judicial review, if Respondents choose that course, the legitimacy of their stance. Compliance with this Order should become effective by no later than March 25, 2015 when the final hearings currently scheduled are due to commence.

5. In compliance with the Order from the FINRA Arbitration Panel, Plaintiffs seek through this action (i) that the Court conduct an *in camera* review of the hearing transcripts related to the Testimonial Objections as well as those additional materials withheld in discovery by Fidelity and NFS under the belief that they are prevented from disclosing those materials under the relevant sections of the Bank Secrecy Act and related federal regulations (the "Withheld Materials") and (ii) that the Court declare, pursuant to 28 U.S.C. §2201(a), that the

Testimonial Objections and the Withheld Materials are subject to the disclosure prohibitions of the Bank Secrecy Act.

6. Absent the relief requested herein, Fidelity and NFS face the immediate and irreparable potential consequences of either (i) being required by the FINRA Arbitration Panel to disclose materials that Plaintiffs believe could subject them to criminal liability under the Bank Secrecy Act, or (ii) risk an adverse inference before the Panel based on Plaintiffs' refusal to disclose the Withheld Materials.

## JURISDICTION and VENUE

7. Jurisdiction before this Court is properly asserted under 28 U.S.C. § 1331 (federal question) as the matter arises under the laws of the United States, in particular, the Bank Secrecy Act, 31 U.S.C. § 5311- 5314e, 5316-5330, 5331, and 5332e and its related regulations, including 31 C.F.R. Chapter X, *passim*.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) as the Arbitration is pending in New York City, New York, and therefore a substantial part of the events giving rise to this petition occurred within the Southern District of New York.

## COUNT I
### Declaratory Judgment

9. Plaintiff incorporate the allegations of paragraphs 1-8 as if set forth fully herein.

10. Declaratory judgment as to the applicability of the disclosure prohibitions of the Bank Secrecy Act concerning the Testimonial Objections and Withheld Materials is appropriate in this case and would directly address the existence or nonexistence of the duties imposed on Plaintiffs under federal law.

11. Plaintiff has no other adequate remedy before the FINRA Arbitration Panel, and has in fact been directed by said Panel to seek the declaration requested herein.

2480429_1

3

12.     The declaration sought herein will finalize the controversy over the assertion of any privileges under the Bank Secrecy Act. As such, Plaintiffs have a practical interest in the declaration sought and all parties having an interest in such declaration are parties to this action and may be heard on the issues raised herein.

WHEREFORE, Plaintiffs respectfully request that the Court: (i) conduct an *in camera* review of the Withheld Materials and Testimonial Objections, and (ii) issue an Order under 28 U.S.C. §2201(a) declaring: (a) whether the Withheld Materials are, in whole or in part, prohibited from disclosure, and (b) whether the Testimonial Objections were properly interposed under the Bank Secrecy Act.

Dated: New York, New York
       March 24, 2015

**BRESSLER, AMERY & ROSS, P.C.**

By: _____
    Brian F. Amery (BA 7144)
    Mark D. Knoll (MK 5343)

17 State Street
New York, New York 10004
212-425-9300
212-425-9337 (fax)
Attorneys for Plaintiffs,
  Fidelity Brokerage Services LLC
  and National Financial Services LLC

2480429_1

4