UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC and NATIONAL FINANCIAL SERVICES LLC,<br><br>                      Plaintiffs,<br><br>vs.<br><br>THE FINANCIAL INDUSTRY REGULATORY AUTHORITY ("FINRA"), PETER E. DEUTSCH and WILLIAM J. DEUTSCH,<br><br>                      Defendants. | Civ No. 15-CV-2210 (GHW)<br><br>**DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT UNDER THE BANK SECRECY ACT, 31 U.S.C. § 5318(g) AND AFFIRMATIVE DEFENSES** |

Defendants Peter E. Deutsch and William J. Deutsch (the "Deutsches" or "Defendants"), hereby answers Plaintiffs Fidelity Brokerage Services LLC and National Financial Services LLC ("Plaintiffs'") Complaint for Declaratory Judgment under the Bank Secrecy Act, 31 U.S.C. § 5318(g) (the "Complaint") as follows:

### BACKGROUND

1.     Defendants admit the allegations in paragraph 1 of the Complaint.

2.     The allegations in paragraph 2 of the Complaint concerning the basis for Plaintiffs' objection call for legal conclusions to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the arbitral transcript (Docket No. 25-22), the Bank Secrecy Act. 31 U.S.C. § 531(g)(2)(A)(i) and 31 C.F.R. § 1023.320 for a complete and accurate statement of their contents and Defendants deny the remaining allegations in paragraph 2 of the Complaint, except admit that Defendants are Claimants in the Arbitration and Plaintiffs asserted an objection to certain questions posed by counsel for Claimants in the Arbitration. By way of further response, Defendants state that Plaintiffs purportedly based their

**Error! Unknown document property name.**

overbroad objection on a limited privilege (available to limited categories of documents in limited circumstances) under the Bank Secrecy Act.

3. Defendants respectfully refer the Court to Defendants' Memorandum of Law In Opposition to Plaintiffs' Order to Show Cause for Declaratory Judgment to Withhold Materials Under The Bank Secrecy Act, 31 U.S.C. § 5318 and to Seal the Record (Docket No. 24) and the arbitral transcript (Docket No. 25-22) for a complete and accurate statement of their contents and otherwise deny the allegations made in paragraph 3 of the Complaint.

4. Defendants admit that the Arbitration Panel provided the Parties with an Order dated February 16, 2015 (the "Order"). Defendants respectfully refer the Court to the Order for a complete and accurate statement of its contents and otherwise deny the allegations contained in paragraph 4 of the Complaint.

5. The allegations of paragraph 5 of the Complaint contain the relief sought by the Plaintiffs to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 5 of the Complaint.

6. The allegations of paragraph 6 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. The allegations in paragraph 7 of the Complaint call for legal conclusions for which no response is required.

8. The allegations in paragraph 8 of the Complaint call for legal conclusions for which no response is required.

**Error! Unknown document property name.**

## COUNT I
### Declaratory Judgment

9. Defendants incorporate the responses in paragraphs 1 through 8 inclusive hereof, as if they were fully set forth herein.

10. The allegations of paragraph 10 of the Complaint call for legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 10 of the Complaint.

11. The allegations of paragraph 11 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the Order for a complete and accurate statement of its contents and deny the remaining allegations in paragraph 11 of the Complaint.

12. The allegations of paragraph 12 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 12 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSES

**(Failure to State a Cause of Action)**

1. The Complaint (including Plaintiffs' attempt to invoke the SARs privilege) must be dismissed in its entirety for failing to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

**(Waiver/Estoppel/Unclean Hands)**

2. The Complaint (including Plaintiffs' attempt to invoke the SARs Privilege) is barred, in whole or in part, by the equitable doctrines of waiver, estoppel and/or unclean hands

by virtue of Plaintiffs' improper conduct, which is set forth in detail in Affidavit of Peter Deutsch, sworn to on March 30, 2015 (the "Deutsch Affidavit") (Docket No. 25).

## THIRD AFFIRMATIVE DEFENSE

### (No Privilege)

3. The Complaint (including Plaintiffs' attempt to invoke the SARs privilege) is barred, in whole or in part, because the SARs privilege asserted by Plaintiffs is unavailable herein for the following reasons: (1) Plaintiffs ignore the subject matter that is covered by the SARS privilege – Plaintiffs cannot use the SARs privilege to shield evidence of their own misconduct (*see* Deutsch Affidavit, Docket No. 25);  (2) Plaintiffs apply an overbroad construction to the SARs privilege –  the limited privilege does not apply to the documents in question; and (3) Plaintiffs have not satisfied the procedural condition to the assertion of a SARs privilege (*e.g.*, including, among other items, their SARs protocol and documents associated therewith).

## RESERVATION OF RIGHTS

Defendants hereby give notice they intend to rely upon such other and further defenses as may become available or apparent in this action and hereby reserve the right to amend this Answer to assert such defenses.

**Error! Unknown document property name.**

**WHEREFORE**, Defendants respectfully request that the Court dismiss Plaintiffs' Complaint for declaratory judgment in its entirety; award Defendants its attorneys' fees and costs; and grant such other and further relief as the Court deems proper.

Respectfully submitted,

**ANDERSON KILL, P.C.**

Dated: April 14, 2015
      New York, New York

BY: /s/David Graff
David Graff, Esq.
Rachel Kierych, Esq.
Anderson Kill, P.C.
1251 Avenue of the Americas
New York, NY 10020
T: (212) 278-1000

and

Howard Graff, Esq.
Courtney Topic, Esq.
Arent Fox, LLP
1675 Broadway
New York, NY 10019
T: (212) 484-3900
*Attorneys for Defendants, Peter E. Deutsch and William J. Deutsch*

**Error! Unknown document property name.**